Filed 9/18/14  In re G.D. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re G.D. et al., Persons Coming Under the Juvenile Court Law. | B254275 (Los Angeles County Super. Ct. No. DK02639) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JOEL D., SR., <br><br> Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Stephen Marpet, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Eva E. Chick, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Denise M. Hippach, Deputy County Counsel, for Plaintiff and Respondent.

* * * * * *

G.D., M.D. and E.D. (children), ages 17, 15, and 9, were declared dependents of the juvenile court and were released into their parents' custody. We conclude that jurisdiction was warranted because two loaded firearms including an assault weapon were found in the room where two of the children slept. We further conclude the juvenile court properly ordered father to attend a parenting class. We affirm the juvenile court's jurisdictional and dispositional orders.

## FACTS AND PROCEDURE

### 1. Petition

On December 11, 2013, the Los Angeles County Department of Children and Family Services (DCFS) filed a petition under Welfare and Institutions Code section 300, subdivision (b) alleging: "On 12/05/2013, the children['s] mother . . . Maria . . . and father, Joel . . . , placed the children in a detrimental and endangering situation in that a loaded rifle, a firearm and ammunition were found in the children's home within access to the children. A loaded firearm was found in the garage of the family home. Such a detrimental and endangering situation established for the children by the parents endangers the children's physical health and safety and places the children at risk of physical harm, damage and danger."

### 2. Supporting Evidence

Officers searched mother and father's home and recovered a loaded assault rifle, unloaded short barrel shotgun, and gang paraphernalia in a bedroom occupied by M.D., E.D. and two adult siblings. In the detached garage occupied by another adult sibling, a detective found a loaded semiautomatic handgun. The children's adult siblings were gang members.

Mother denied knowing her adult children (adult siblings) were gang members. But mother acknowledged that one of her sons previously had been arrested. Father denied knowing both about the gang affiliation and about the prior arrest. Father denied any knowledge of the firearms in the home. Father later acknowledged that one of the adult siblings "was hanging out with" a gang member. The children also denied

2

knowledge of their siblings' gang affiliation and of the presence of loaded firearms in the home.

Adult siblings Joel, Jr., and Rafael had previously been arrested for possession of assault weapons. They were arrested but had been released prior to the jurisdictional hearing.

Detective Eguia reported that mother and father's apartment is very small "and it is nearly impossible for the parents not to know what their kids are doing."

### 3. Juvenile Court Findings

The court concluded: "[T]his is not just one weapon. This is three weapons. One of them is an automatic weapon. They were all loaded. Two of them were in a bedroom where two of the minors were sleeping. . . . [F]or me to believe that this mother and this father did not know that their sons had guns in the home just belies logic." The court concluded there was a current risk to G.D., M.D., and E.D. because the adult siblings would move back home if the court terminated jurisdiction.

The court ordered the adult siblings live outside the family home and left the children in mother and father's custody. Mother and father were ordered to attend parenting classes. Father appealed from the jurisdictional and dispositional orders.

## DISCUSSSION

### 1. Jurisdiction

"In dependency proceedings, the social services agency has the burden to prove by a preponderance of the evidence that the minor who is the subject of the dependency petition comes under the juvenile court's jurisdiction. [Citations.] We review the jurisdictional findings for substantial evidence. [Citation.] We consider the entire record, drawing all reasonable inferences in support of the juvenile court's findings and affirming the order even if other evidence supports a different finding. [Citation.] We do not consider the credibility of witnesses or reweigh the evidence. [Citation.] Substantial evidence does not mean 'any evidence,' however, and we ultimately consider whether a reasonable trier of fact would make the challenged ruling in light of the entire record. [Citation.] The parent has the burden on appeal of showing there is insufficient evidence

3

to support the juvenile court's order." (*In re Isabella F.* (2014) 226 Cal.App.4th 128, 137-138.)

Overwhelming evidence supported jurisdiction. Mother and father either knew or should have known that gang graffiti was written and numerous weapons . . . were kept in their small apartment in the rooms where two of their minor children slept. Two of the guns were loaded. There was a substantial risk the children would suffer harm as a result of the parent's failure to adequately supervise the children by allowing them to reside in a room with loaded firearms including an assault weapon. The children or their adult siblings could have used the weapons in the vicinity of the children—either intentionally or accidentally. Moreover, even though the weapons had been removed from the home, the adult siblings had been released from custody and jurisdiction was warranted to keep them out of the family home, as that was the only way to keep the children safe.

Father's numerous arguments on appeal ignore the appropriate standard of review. Father's argument that "the parents had no knowledge of the weapons in the household" ignores the court's finding that the parents had knowledge. Moreover, father should have known that an assault weapon and other firearms were being stored in his home. Father's claim that "there was no evidence presented that there was a substantial risk the children would suffer serious physical harm or illness because older, adult, siblings were no longer in the home" ignores the court's finding that jurisdiction was necessary to keep the older siblings out of the home. Father also argues that there was no risk to his children because they were not toddlers. Contrary to his contention, there was a risk one of the children could have found the weapon and discharged it. There was also a risk that one of the adult siblings could have use the loaded weapon in the home around the children.

Finally, father's reliance on *In re B.T.* (2011) 193 Cal.App.4th 685, 687 (*B.T.*) is misplaced. In that case, the mother had a child with a minor, and their child was removed from mother's custody. (*Id.* at p. 691.) The juvenile court determined mother had a lack of judgment and poor impulse control representing a danger to her infant. (*Ibid.*) The appellate court reversed, reasoning that the record showed that mother was "a loving and

4

experienced mother, well able to take proper care of a small child." (*Id.* at p. 693.) The appellate court found the juvenile court failed to focus on the risk to the child. (*Ibid.*) The mother's lapse in judgment had occurred before the child was even born and there was no evidence that the lapse in judgment was likely to harm the child. (*Ibid.*)

In contrast to *B.T.*, here mother and father's failure to protect the children was likely to cause harm to them as the loaded firearm could have been used around the children. The record did not show mother and father were well able to care for the children. To the contrary, they ignored a grave risk to the children.

## 2. *The Court's Dispositional Order Was Proper*

Father also challenges the dispositional order, arguing the juvenile court should not have ordered him to attend a parenting class.

We review the disposition order for substantial evidence (*In re Christopher R.* (2014) 225 Cal.App.4th 1210, 1216) and conclude substantial evidence supported the court's determination that father should attend a parenting class. Father needed to learn to protect his children from their adult siblings who were gang members and jeopardized the safety of the children by bringing loaded firearms into the family home. To the extent father argues no relevant counseling group existed, he fails to cite to any evidence to support his contention and we decline to speculate.

## DISPOSITION

The jurisdictional and dispositional orders are affirmed.


FLIER, J.

WE CONCUR:



BIGELOW, P. J.                          RUBIN, J.


5